Good morning. On behalf of Judge Stapleton and myself, and indeed on behalf of our full court, I want to express our appreciation to Judge Rustani for sitting with us today. Judge Rustani has a wonderful reputation. She's Chief Judge of the Court of International Trade, and we are so privileged to have her help us. We are down. Our appointed number of judges, our workload continues to increase, and we could not do it without some help from the outside, and we have very remarkable help here today. And thank you, Judge Rustani. Thank you very much. You're very welcome. We will hear argument in Gambone v. Lite Rock. Ms. DeLisle. If it pleases the court, I'd like to reserve two minutes rebuttal time for myself, and my co-counsel would like to reserve one minute rebuttal time for herself, if that's acceptable. You represent Advanced Construction. Yes, I represent ACMC. What standing does your client have to participate in this appeal and challenge this preliminary injunction? It's not enjoined from doing anything. It no longer has the assets. Well, our client initially, or my client initially, was the party that was actually brought in and subpoenaed at the initial hearing. They have a vested interest in assuring that this transaction is not unwound. Their standing is that the transaction involves... I understand they had standing in the original suit, et cetera, but what standing do they have to challenge this injunction? Well, their standing is specifically that, although they're not the transferees that are being enjoined, they are the party who is the... I mean, they're the transferor. One might, if the... Actually, there's a complaint that underlies the injunction. One might note on the complaint itself, we're actually named as one of the parties. What complaint are you talking about? The brief is very unclear. The briefs are very unclear. Are you talking about the complaint that you've been given leave to, or that leave has been granted to file? The one, the fraudulent transfer complaint? That is the complaint. But that's not before us. Everything before the district court's been stated. I'm unclear whether that's even been filed, much less, you know, somebody's talking about service of that complaint. But that's not what we're here to review. We're here reviewing the grant of a preliminary injunction. Well, except that, Your Honor, a preliminary injunction generally, and almost in all cases, is coupled with a complaint. Well, you know, the complaint would be the original complaint filed and which we've affirmed the judgment as to the $170,000 award. That was the original complaint. And that's the action out of which this preliminary injunction comes, correct? That is the action. No, I would argue, Your Honor, that that is not the case. That, in fact, this preliminary injunction enjoins the parties so that the fraudulent conveyance action can proceed forward. And that actually this is, as in most cases, when you have an injunction, it's a little bit unclear, and I think, you know, the injunction for what? The injunction here, or one of the pieces of relief granted here, was granting leave to file the new complaint and staying the transfer of the patents that are in the appellant's hands, the ITEC appellant's hands now. Period. That's it. What did you do with the new complaint itself? Judge Stapleton's question is, as always, an excellent one. Maybe you can return, and forgive my interruption, Judge, to answer that question. What is your standing here? Well, the standing is that we were parties to the initial matter that gave rise to the order. There was an order granted that basically says that these parties are enjoined, and I would argue, Your Honor, that we're enjoined. What are we enjoined for? We're enjoined so that the transfer doesn't occur. Are you enjoined on the injunction? No. No, we're not enjoined. But we were the transferor. I know, but you're not enjoined, so hence the return to Judge Stapleton's question. Now, there is some question as to whether or not a fraudulent conveyance action has to name the transferor. I do fraudulent conveyance work, and I often do not name the transferor. But here the transferor was named, and I would think at least that would give us standing at least to make the arguments as to why we don't think that this, why this shouldn't stand and why we should go forward. You make two points, and I'm confused on them. Perhaps you can clarify. The first point is that there cannot be ancillary jurisdiction over the ITEC defendants unless there's personal jurisdiction over them. That's your first point. Yes, Your Honor. That's confusing. And secondly, you say the district court could not use its ancillary enforcement jurisdiction against the ITEC defendants because it lacked subject matter jurisdiction over them. That's your second point. Yes, Your Honor. But if it had jurisdiction, subject matter jurisdiction over it, it wouldn't need ancillary jurisdiction. That is true, Your Honor. If it had some – And the second question, with reference to the first question, where below did you ever raise personal jurisdiction? Where did you ever go before the district court and said there's no personal jurisdiction over either the ITEC defendants or the advanced construction defendants? I don't see it in the record. Well, in the record of the second hearing in front of Judge Kelly, we specifically raised the fact that the issues of – the fact that there was no jurisdiction as to these parties. So I would ref now, Your Honor, if Your Honor reviews the transcript and you don't see it there. Oh, I'd review the transcript. That would be a – but we did raise – we did raise the fact we – and we clearly raised the fact that there is no subject matter jurisdiction. I understand that. That was not my question. My question was personal jurisdiction. And your friends across the aisle haven't challenged that, but haven't said you've waived it, but I wonder whether or not you have. We raised it at the – Do you have a page for that? Right at the – well, at the last – I can probably get it with my rebuttal. Yes, you can get it with your rebuttal. Yes. Thank you. Thank you, Your Honor. Ms. Gray. Good morning, Your Honors. Good morning. I represent ITAC, Drs. Nickel and Mr. Hildreth in this. Now, ITAC's out of the case. Yes. I was brought into the case late, and Hildreth, Nickels are represented, and it is true that ITAC is dismissed, but I represent ITAC in a motion to dismiss pending that's been stayed. Now, wait a minute. Okay. ITAC is dismissed from the appeal before we – Yes. That's right. We dismissed them because it was not represented by counsel. That is correct, Your Honor. That is correct. But this is a factually independent claim, this fraudulent conveyance action. And it should not be a supplemental proceeding action, we believe, because – What is a fraudulent conveyance action? Explain. Is that the complaint that either just was filed or is about to be filed? A new complaint? There was a 2001 action against ACMC, and ITAC is contending that the fraudulent conveyance action, which was filed in 2005, is a new action. The new complaint that the district judge gave leave to file – Yes, was never properly served on ITAC. Well, was it even filed? Yes. Yes. December the 2nd of 2005. It was filed. But the district judge has stayed everything as to that complaint. That's right. So what are we here talking about that complaint for? Because ITAC believes that it was never properly served. Have you ever raised that to the district court? No. I was not in the case then, Your Honor. But we have brought that up now. We don't decide these issues as a matter – as the first court to decide them. And when you're arguing about jurisdiction over that complaint, district judges never consider that issue. And that's really the jurisdictional issue I think you're bringing before us, aren't you? I believe so. I think the problem – let me just try to explain what I think ITAC is trying to do here is respond to the complaint that has been brought in federal court under a personal jurisdiction issue. Which complaint? The one in 2001? The second. The one in 2005? The 2005, Your Honor. Okay. So we're supposed to decide as a matter of first impression? Yes. I mean, first, whether there is personal and subject matter jurisdiction. Jurisdiction on the 2005 complaint. 2005 complaint. District judge hasn't considered those issues yet. That's right. Well, the district court did enter an injunction. They did. Which necessarily – you don't enter an injunction if you don't think you have subject matter jurisdiction or personal jurisdiction over those you're enjoining, do you? I would argue that that's true. But we're saying that the second complaint was not properly served. You would have to properly serve a second complaint. Ancillary jurisdiction here was not proper. It was not – he would have to – the plaintiffs would have to properly serve a second complaint. You're saying the district court, if it thought it had subject matter jurisdiction, was in error because it had ancillary jurisdiction? Yes, Your Honor. Because it didn't have ancillary jurisdiction. We believe that – ITEC believes that it was a new and novel legal theory and that the plaintiffs should have filed a new action in state court. That would have been the proper form for them to do so if they thought that they had a legal claim and that the U.S. District Court erred in granting the plaintiffs' request for a preliminary injunctive relief against the third-party nonjudgment defendants. But the preliminary injunction had nothing to do with the fraudulent conveyance complaint. The preliminary injunction is just maintaining the status quo as to the patents by basically saying you can't transfer them. Well, that's exactly right, Your Honor. Isn't that what we're reviewing here? That's the problem because ITEC has had their assets seized under this order. They haven't been able to transfer any of their property. They haven't had due process because they haven't been able to – he had the power to grant the preliminary injunction effectively staying everything, maintaining the status quo as to these patents, not whatever jurisdiction there may be over some other complaint. I believe that probably the proper thing is it is an extraordinary relief, injunctive relief, and it should have been vacated. Well, we look at the jurisdiction. I mean, if we're talking jurisdiction for purposes of granting an injunction, we're looking at the jurisdiction over that complaint in 2001 and whether in that case the district judge has the power to – Whether it was proper, yes. To enforce its judgment as against third-party defendants who were not party, people who were not parties. Yes. Yes. In that action. I would have to agree with you, Your Honor. Yes. That is true. Can I just clarify? You keep talking about ITEC. You're not here. Well, when I say ITEC, I mean Hildreth and Nichols. Okay. Excuse me, Your Honor. Okay. I say ITEC collectively, meaning Hildreth and Nichols. Okay. Help me.  Yes, he did, Your Honor. So he – and did he reserve anything in the way – you say he now says he wasn't served, but if he entered a general appearance, if he entered an appearance without reserving anything – He was pro se, Your Honor, and he didn't have counsel, so I'm not sure if he understood exactly what that meant. Okay. Now, did Mr. Hildreth appear before the district court? No. No. And he was certified. He was served with a certified letter. Right. Okay. Thank you. Thank you, Your Honor. Good morning, Your Honors. I wanted to bring to the Court's attention – Would you identify yourself for the tape? I apologize. Kevin Mahoney for the plaintiff's appellees. Thank you. Your Honors, I wanted to bring to your attention a recent decision from the Eastern District. Before you do that, let me just ask you a question. Certainly. Have you reviewed your brief before the argument today? Yes. I've counted at least 18 references where you refer to this court, meaning the district court. This is clearly – we know because you can get it off the machines today. In large part of the brief, you filed an opposition to the appellant's motions to dismiss below, and I just suggest to you you should have taken the time to change the phrase, this court, to the district court. My apologies, Your Honor. All right. Now, tell us about the Eastern District case. There was a recent case decided by the Eastern District entitled State Farm Mutual versus Tedesco-Vitez of Clausenburg, decided on February 26th of 2008, which is very similar to the issues before the panel today. In that case, there was a judgment issued, and the judgment debtors attempted to fraudulently transfer assets out of the jurisdiction to residents in New York. The residents in New York challenged personal jurisdiction over the fraudulent conveyance action, claiming they had made no contacts with Pennsylvania or the Eastern District. The court then did an analysis with respect to whether or not it had personal jurisdiction or residents located in Brooklyn, New York, who had received the fraudulently transferred assets, and it addressed specifically the issue of personal addition and how we analyze that issue. And the analysis begins with the long-arm statute in Pennsylvania, which under the long-arm statute provides that a district court is to undertake a two-part inquiry. The first question is whether or not there is jurisdiction under the forum's long-arm statute, and the second is whether finding jurisdiction comports with a due process clause, citing IMO Industries versus Kikert from this court in 1998. With respect to the Pennsylvania long-arm statute, the long-arm statute reads, which is 42 PACS 5322A4, if the party has caused harm or tortious injury in this commonwealth by an act or mission outside of the commonwealth, the court can take personal jurisdiction. That was being alleged. When we asked the court to take ancillary jurisdiction, we are alleging a torticard. The tort is a fraudulent transfer of assets. The assets were transferred to Mr. Nichols, representing Innovative Technologies, located in New York, Pennsylvania, and we are claiming that that tort injured the plaintiffs, the injury being we hold a judgment against the judgment debtors. The judge's debtors' only asset were these patents. The patents were transferred, leaving our judgment uncollectible. We have satisfied the elements of the Pennsylvania long-arm statute. Well, let me – I'm inclined to agree that there may be a basis for personal jurisdiction here under Mr. Hill – against Mr. Hildreth, but normally it's, you know, Hornbook law that a court, in order to do something like enter an injunction against somebody, has to have one subject matter jurisdiction. The person has to be subject to the personal jurisdiction of the court, and the court has to assert its jurisdiction, give notice, and say, I'm taking jurisdiction in this matter against you, which, of course, is service of process. Now, if I – it's a little confusing here, but my understanding is that there – with respect to the fraudulent conveyance claim, there has been no service of process against anybody at any time. Service of process with respect to the subsequent complaint for fraudulent conveyance. When it happened, we filed a motion asking the court to take ancillary jurisdiction, seeking leave for supplementary proceedings. That motion was served upon Mr. Nichols, who represents Innovative Technology. He is principal of that company. He is the director of that company. He came to the hearing and, in fact, testified at that hearing. So Innovative Technologies and Mr. Nichols were present, and Mr. Hildreth was served with notice of that motion. At that hearing, after hearing the testimony – We all know that. You've got to have – rule four is how a court asserts its jurisdiction over somebody. And the district court asserted its jurisdiction over Mr. Hildreth when it entered a preliminary injunction against him for which he was subject to go to prison if he disobeyed. Now, how can that be if there was no service of process either before that injunction was entered or, indeed, no follow-up service of process? He was served with process with respect to the motion. The complaint – the matter has been stated. We have not proceeded with the complaint. The complaint was filed, but this appeal was taken. The matter below a state, and we've yet to serve these parties because the matter below a state. But with respect to the original motion, that was served upon Mr. Hildreth, and that's not being challenged on this appeal. They are saying they never got served. No, no, no. They never got served with process. There's a difference between serving somebody with a paper who is already a party to the case. That's entirely different from Rule 4, service of process that requires a summons. I mean, we both know this. I understand that. And it's clear that he was never served with a summons. No, he was not served with a summons, Mr. Hildreth. Okay. Well, then how can this injunction be binding against him if he was never – even if he is subject to being brought in personal jurisdiction-wise? There's potential personal jurisdiction. But if he hasn't been brought in under the long-arm statute or something or other, how can this injunction be effective against him? Senator, we did serve with the motion. We did not serve a summons. He was given notice of the proceeding. He was aware that it was occurring. Mr. Nichols obviously was aware because he participated in the proceeding on his behalf and on behalf of Innovative Technologies. With respect to Mr. Hildreth, we did serve with the motion. I'm sorry. Who participated on behalf of Mr. Hildreth? No, no. Mr. Nichols participated on his own behalf and on behalf of Innovative Technologies, not on behalf of Mr. Hildreth. Mr. Hildreth was served with the motion. But, no, there was not an original summons with that motion from Mr. Hildreth. Okay. And Mr. Hildreth wasn't served with anything in the original case? No, he was not a part of the original case. Well, I mean, he wasn't made a party at any time to the original case? No. Okay. Your Honor, let's continue with the decision of State Farm. Once we've established the satisfaction of the elements of the long-arm statute in Pennsylvania, this Third Circuit has, you know, established a three-part test for minimum contacts. And the three-part test is has a tort been committed, have plaintiffs felt the brunt of the harm, and has defendants focused the harm at the forum. As this Court decided in SEC v. Antar, as well as this recent decision in State Farm Mutual, when you receive the assets of a judgment debtor, you are directing your actions at the forum where the judgment was issued. By receiving these patents, Innovative Technologies, Mr. Nichols, and Mr. Hildreth, are directing their actions towards the forum by denying our ability to enforce our rights under the judgment. With respect to the challenge to subject matter jurisdiction, this is a well-established issue. Beginning with Peacock v. Thomas, the Supreme Court has held that the federal court can take ancillary jurisdiction to enforce its judgment. And in my closing remarks to the court below, and I will read from them, we informed the court below the only relief being sought is simply the return of the patents back to a court-appointed receiver for them to be liquidated to satisfy this judgment. We are not seeking to impose new liability, independent liability. We are not asking any of these three relief defendants to pay any portion of the judgment. You sought relief to file a fraudulent transfer complaint. To return the patent back to the judgment debtor. That's the only relief being sought? That's it. And I specifically said that to the court at the close of the hearing. We're not seeking to impose any new liability. So the challenge made in the appellate briefs that this is an independent and new liability, it's not. We're not piercing the corporate bail. We're not imposing any new liability. We simply want the judgment debtor's assets that have been wrongfully transferred brought back to the judgment debtor for purposes of satisfying the judgment. And in SEC v. Antar, cited by this court in 2002, the court said where a party seeks to reach assets belonging to the judgment debtor but found in the hands of the relief defendants, the court may take ancillary jurisdiction over the action without need of establishing an independent jurisdictional basis. That's all we're seeking to accomplish here. I would address the last issue with regard to improper service, but as the panel has indicated, the challenge in improper service relates to the subsequent complaint. Well, I'm glad you're that clear on it because I read it going both ways. I'm totally confused on whose right to service was the problem. I was a little confused because there was nothing to challenge below. In one of the blue briefs, they're talking about service of the original complaint. And in other points, they're talking about service of the new complaint. So, I mean, I don't know. Well, I agree with you that the service of the original complaint, there's no reason why that should be served on somebody who wasn't a party to the suit. But I don't understand if you're asserting a fraudulent conveyance claim against a new party, it seems to me that in order to have personal jurisdiction over them, you have to serve them with process, a summons. You have to file a complaint and a summons and serve them. Now, maybe you can get, if you have the emergency situation, you can go in and get a preliminary injunction based on that complaint before the complaint is actually filed. And, indeed, the district court gave you permission to do that here. But you never followed up to serve Mr. Hillbreath and get personal jurisdiction over him. With respect to that, when we filed our motion, what we were asking the court to do is for emergent relief to enjoin for the transfer of patents and also seeking leave to file a complaint under the same caption. Right. So, you know, we could not file that complaint until the court granted us that leave. The court did grant us that leave.  This appeal was taken and the case was staged. Now, did you attempt to serve that complaint? We made one attempt to serve that complaint. And then the judge stayed the action. And this appeal was already pending. Well, wait a minute. What's the significance of that? An appeal from a preliminary injunction does not deprive the district court of jurisdiction. Now, it is true that the district court here stayed in January. But you had ample opportunity to serve process on Mr. Hillbreath before... In December. Right. In that month. Yes. Well, it was, what was it, November the 3rd was the issuance of the injunction, I guess. And this appeal was filed the end of November. And then we filed the complaints in... Well, as you admit, you attempted to make a service. But when he didn't agree to appear voluntarily, you just dropped the matter. The matter was stayed at that point. When was this attempted service? We made an attempted service in December. Right. And the matter was stayed in January. Did they move to dismiss for improper service or not? They filed a motion, but that motion was stayed and remains pending before the court. You mean the motions to dismiss, the ones that you wrote this brief in response to? I'm a little confused about that last part. They did file a motion to dismiss. The court did not rule on it because the matter was stayed. Improper service or because of what? Improper service. Improper service. They argued before the district court. But that was not, that motion was stayed. So, and we certainly could have sought leave if the matter was not saved for alternative forms of service from the courts as we were having difficulty getting them to accept service. Okay. I move further. Thank you. Thank you. On the one issue that I want to speak on in my limited time here is this issue of the subject matter jurisdiction. It was addressed to some extent. The Peacock case that was addressed by opposing counsel actually supports our position. The Peacock case basically says that if you're filing an action that would assert additional liability on somebody, could assert additional liability on somebody, that that is an action that needs independent subject matter jurisdiction. The problem is here that there is not that independent subject matter jurisdiction. I assert an analogy. This is a different case than a car. You have a judgment against party A and party A transfers their car to party B and then you look to party B to get the car back. This is a matter where a transfer is made for whether the consideration is valid or not. You then, in Pennsylvania, have to file a separate suit against party B. Fraudulent conveyance action. What they're arguing is that they are allowed to do this in an ancillary proceeding. That's not the law. And some of the cases they've cited are from different states that have different law. Pennsylvania's law is very clear. You need to do a separate fraudulent conveyance action. And also the fact that he's saying that... ...to get the property reconveyed. Well, that's convenient for him to say now, Your Honor. But Pennsylvania Fraudulent Transfer Act specifically says that an attachment or other provisional revenue against the asset transferred or other property to transferee is allowed by our Fraudulent Transfer Act. So at any time in there, he could ask you and say, well, they don't have the property anymore. Therefore, I want the value of that recovered, and he would be able to get it. So the Pennsylvania Fraudulent Transfer Act clearly would allow a monetary judgment. So that's something that Peacock clearly says you need independent jurisdiction. But don't we have to look at what they ask for in this particular case? I would say, Your Honor, that they could amend it at any point. I mean, he's saying that this is a complaint that hasn't even been served, as you pointed out. I don't...they're...specifically they're asking for that. But as you get to the end of the case, if it turns out that that is not in existence anymore, they could immediately, just like a replevin, say, okay, we want a monetary judgment. And you say, come in...wait a minute. Court, you don't have any jurisdiction for that. We'd have to then jump in then. Well, at that point, the court's...the cat's already out of the bag. I mean, at that point, how would we jump in and say, Court, you don't have jurisdiction when that matter would have proceeded the whole way to trial, really conceivably at that point? I mean, when can they...to me, they could go through trial, ask for the conveyance to be unturned, and then as they're looking to be compensated, go back and say, okay, where's the asset? Then they could ask for, okay, we want a monetary judgment. So I think that's the problem here. Thank you. You were going to... Oh, yes. ...surprise me of where you raised the challenge to personal jurisdiction. If I could just...on page 54 to 58 of the October 31, 2005 hearing, that's where we raised the subject matter and the other issues. As to the personal... I'm asking for personal jurisdiction. Well, at that hearing, Nichols and Hildreth were not represented. Nichols was only there as a witness. That isn't my question. My question is, where did you challenge personal jurisdiction? ACMC themselves did not challenge personal jurisdiction. But I think that...I think the issue is preserved for the parties that weren't there. They can't be...they can't have... So by definition, it was never challenged because the parties weren't there. Yes. That's my answer. But now you're raising personal jurisdiction. We're raising it, and so are they. Well, wait a minute. You raised it in the district court. No, you didn't. Yes. Oh, you're clearly raising it as to the fraudulent conveyance action. Yes, but I think... Well, I'm asking, did you make a motion to dismiss for lack of personal jurisdiction? There was nothing there to dismiss. This was a proceeding that was... Did you move to get out of the proceeding for lack of... because there's no jurisdiction personally over you? I couldn't because I didn't represent them. I only represented the party ACMC. All right. Thank you, Your Honor. Thank you. I would just like to quickly address the improper service analysis and rebuttal, and I apologize for the blue brief confusion with the original and subsequent. I believe that was my brief. I apologize, Judge Barry, if that was confusing. The plaintiff's tort action, they did have the opportunity to sue in state court, and that was, we believe, Hildreth and Nichols believed that that was the proper venue, and they could have done that. There was no service of original process. My clients believe that there's a violation of due process here because of that. They had ample opportunity, plaintiffs had ample opportunity to attempt service multiple times of the subsequent fraudulent conveyance action complaint. Hildreth only had one attempt, as far as we know, of service, and it was a certified letter, and there was no waiver obtained and filed, which is a violation, as you know, of FRCP4, and no proper service mandates dismissal of ancillary jurisdiction. So what he's saying is to Nichols. Nichols, he testified at the hearing. He was given a summons. That's not service. He was not a party. He was a witness, Your Honor, at that hearing. He didn't say that, did he? Well, he was required to be there. He's a party to the proceeding. He was a witness. He was required to be a witness, but he was not given service. They could have served him with a complaint while he was there, but he was not served at the hearing. I thought if you show up at a hearing, you've been named, okay, at that point, and he shows up, doesn't he have to say, you know, I'm appearing here only under protest. I reserve my right to the jurisdiction of the court. He's a pro se litigant, so if he had the intricacies and knowledge, he could have said that, but, you know. The answer is, does he have to say that if he shows up? Does he have to say that in order to? I think he should have, yes. He still hasn't. No, he has not. Well, he moved. He was a party to the motion to dismiss. Yes, he did. After the preliminary injunction was entered, right? Yes. Which objects to personal jurisdiction and service, lack of service. Yes, and as sort of, may I say, lame as it is, he's a resident of the Middle District, which I brought up, but. That's lame. It is lame, but I thought I'd throw it out there. All right. Thank you. Thank you. We will take the case under advisement.